JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Michael Searles, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, in which the lower court classified him as a sexual predator, pursuant to R.C. 2950.09(c).
 {¶ 2} On April 12, 1989, Searles was found guilty by a jury of three counts of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05. He was sentenced to life imprisonment on each individual count of rape and to a two-year sentence on the one count of gross sexual imposition.
 {¶ 3} A review of the sexual predator hearing transcript reveals that at the time of the offenses, Searles was 32 years of age. Searles committed sexually oriented offenses against his eight-year-old stepdaughter on several occasions, specifically, cunnilingus. This conduct occurred on at least three separate occasions, each incident practically mirroring the previous incident. In preying upon his stepdaughter, Searles would entice her to lie with or watch television with him. After developing a sense of security, he would remove his stepdaughter's undergarments and perform cunnilingus on her. On at least one occasion, the ordeal was so painful that the victim broke free from Searles overturning a coffee table and breaking a glass. On yet another occasion, Searles ordered his stepdaughter to spread her legs in the presence of other children, but she refused; however, he was able to entice her to lie down with him later that same day, at which point he was able to perform the act of cunnilingus.
 {¶ 4} During the course of the sexual predator hearing, Searles did not deny that he committed the acts for which he was convicted. Nevertheless, he contends that he has served almost 13 years in prison, and during that time he has had the opportunity to seek treatment through programs designed to decrease the likelihood of recidivism. Additionally, he submitted into evidence a Monticello Sex Offender report, issued in April 2000, which indicated that he is a low-to-medium risk to reoffend in the future. This report was further substantiated by a letter, dated February 23, 2001, written by James DeFeo, the psychological supervisor of the initial Monticello Sex Offender report, which stated that Searles had been re-evaluated and continues to be a low-to-medium risk to reoffend in the future. Last, Searles contends that as early as 1993, he sought treatment for sex offenders, which would indicate his willingness to seek and complete treatment.
 {¶ 5} Searles presents one assignment of error for this court's review:
 {¶ 6} "THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE `BY CLEAR AND CONVINCING EVIDENCE' THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 {¶ 7} For the following reasons, the appellant's appeal is not well taken.
 {¶ 8} The appellant contends that the lower court erred in determining that he be labeled a sexual predator. A sexual predator is defined in R.C. 2950.01(E) as:
 {¶ 9} "[A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} The State of Ohio has the burden of proving, by clear and convincing evidence, both that the appellant committed a sexually oriented offense and that he is likely to engage in one or more sexually oriented offenses in the future. State v. Ward (1999), 130 Ohio App.3d 551,559. The appellant does not dispute that he has been convicted of a sexually oriented offense; however, he contends that the state has failed to establish by clear and convincing evidence that he is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 11} The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954),161 Ohio St. 469.
 {¶ 12} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 {¶ 13} "* * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
 {¶ 14} R.C. 2950.09(B)(2) provides in relevant part:
 {¶ 15} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 16} "(a) The offender's age;
 {¶ 17} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 20} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 21} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 22} "(g) Any mental illness or mental disability of the offender;
 {¶ 23} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 26} Furthermore, R.C. 2950.09(B)(3) states:
 {¶ 27} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
 {¶ 28} R.C. 2950.09(B)(2) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all factors which are relevant to its determination. State v. Cook (1998),83 Ohio St.3d 404, State v. Ivery, (Feb. 18, 1999), Cuyahoga App. No. 72911, citing State v. Tracy (May 20, 1998), Summit App. No. 18623.
 {¶ 29} In reviewing the record, it is abundantly clear that the lower court complied with the statutory requirements and considered the factors set forth in R.C. 2950.09(B)(2). In conducting the mandated sexual predator hearing, the lower court systematically addressed each of the enumerated factors in R.C. 2950.09(B)(2)and found the following factors to be most relevant:
 {¶ 30} a) [T]he age of the appellant at the time of the incidents;
 {¶ 31} b) the young age of the victim at the time of the incidents;
 {¶ 32} c) that other children were present during one of the incidents;
 {¶ 33} d) that the appellant used his position as the victim's step-father to overpower the victim;
 {¶ 34} e) that the appellant displayed cruelty by hurting the victim during one of the incidents;
 {¶ 35} f) that the appellant displayed cruelty in continually telling the victim that he loved her and leading her to believe that the love could stop if the victim did not engage in these activities;
 {¶ 36} g) that there was a pattern of abuse in preying upon the victim by luring her into a false sense of security only to sexually abuse her when her guard was down; and
 {¶ 37} h) the fact that the appellant preferred to perform cunnilingus on the victim as a method to avoid detection."
 {¶ 38} In light of the stated factors, this court can only agree with the lower court's decision. In particular, this court is disturbed by the appellant's systematic method of abusing his stepdaughter. The appellant preyed upon the victim's trust to carry out his method of abuse. Most heinous, the appellant utilized his position of trust and authority to force his stepdaughter to succumb to repeated attacks. If in no other place, a child should feel safe and secure in her own home and not feel threatened with possible sexual abuse from a supposed loved one.
 {¶ 39} This court recognizes that this is the appellant's only sexually oriented conviction; however, this was not an isolated incident. The pattern of abuse exhibited by the appellant toward his victim reflects a deeply rooted psychological deficiency, and public policy mandates that the general populace be protected if and when the appellant is released from prison.
 {¶ 40} In light of the above, it is abundantly clear that the lower court based its decision on clear and convincing evidence, and this court will not substitute its judgment for that of the lower court when there exists clear and convincing evidence in labeling the appellant a sexual predator. The record is replete with evidence supporting the decision of the lower court, and, as such, the appellant's sole assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS.
DIANE KARPINSKI, J., DISSENTS (SEE DISSENTING OPINION ATTACHED)
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).